IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR MOSES,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
         vs.                                     )          Civil Action No. 22-1666
                                                 )
AMAZON,                                          )          Magistrate Judge Dodge
                                                 )
                    Defendant.                   )

**<u>MEMORANDUM ORDER</u>**

Pro se Plaintiff Arthur Moses initiated the above-captioned action against Defendant Amazon on November 23, 2022. On December 6, 2022, he paid the filing fee and the Complaint was filed.

On March 10, 2023, an order was entered (ECF No. 5) for Plaintiff to show cause why this case should not be dismissed because of his failure to make service on the Defendant within 90 days after the Complaint was filed, as required by Federal Rule of Civil Procedure 4(m). In response, Plaintiff has filed a motion (ECF No. 6) requesting that service be made by the United States Marshal.

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court, in its discretion, "may" order that service be made by a United States Marshal. However, as recently summarized by several courts:

> [a]t one time, all process in federal civil litigation was served by the United States Marshals Service. *FROF, Inc. v. Harris*, 695 F. Supp. 827, 828-29 (E.D. Pa. 1988). In its current incarnation, however, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. *See* Fed. R. Civ. P. 4(c)(2); *FROF*, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil*

> *Procedure*, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the plaintiff who "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

*Thompson v. Bromwell*, 2021 WL 9594593, at *1 (W.D. Pa. Mar. 10, 2021) (quoting *Tejada v. DelBalso*, 2018 WL 6268202, at *1 (M.D. Pa. Nov. 30, 2018)).

Plaintiff has paid the full filing and administrative fees to commence this suit, and thus, he presumably has either the financial resources to retain a private process server or seek the assistance of family or friends who are not parties to the action. *See* Fed. R. Civ. P. 4(c)(2). Moreover, Rule 4(d) of the Federal Rules of Civil Procedure permits him to request that a defendant waive formal service of process by mailing defendant a written notice and request for waiver of service prior to attempting personal service.  In that event, if the defendant fails to waive service without good cause, the Court is required to impose on that defendant any expenses later incurred in making personal service and any reasonable expenses incurred in collecting those service expenses. *See* Fed. R. Civ. P. 4(d)(2).

Plaintiff does not assert that he has made any good-faith effort to effectuate service of process or to request that the Defendant waive formal service. Moreover, he did not request service by the Marshal until after the service period had expired and the Court ordered him to show cause why the case should not be dismissed for failure to effect service.

Therefore, this 20th day of March, 2023, it is ORDERED that Plaintiff's Rule 4(c)(3) motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court (ECF No. 6) is DENIED without prejudice.

It is further ORDERED that Plaintiff shall undertake the necessary steps to effect service upon Defendant within fourteen (14) days of the date of this order.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge